IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KENNETH FRAZIER, | ) | |
|---|---|---|
| Movant/Defendant, | ) | |
| | ) | Crim. No. 09-99-SLR |
| v. | ) | Civ. No. 11-1215-SLR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM OPINION

---

Kenneth Frazier. Pro se movant.

Elizabeth Van Pelt. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for respondent.

---

October 6, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Kenneth Frazier ("movant") is a federal inmate currently confined at FCI Lompoc in Lompoc, California. Movant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 33) The government filed an answer asking the court to summarily dismiss movant's 2255 motion on the ground that it is barred by waiver of direct appellate and collateral attack rights, as set forth in a written plea agreement entered into between movant and the government. (D.I. 44) For the reasons discussed, the court will enforce the collateral waiver and deny movant's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

On October 15, 2009, a federal grand jury returned a four count indictment charging movant with conspiracy to distribute cocaine (count one), distribution of five grams or more of cocaine base (count two), possession of a firearm by a person prohibited (count three), and possession of a firearm in furtherance of a drug trafficking offense (count four). (D.I. 3) On August 5, 2010, movant entered a guilty plea to counts one, two, and three of the indictment, pursuant to a plea agreement with the government. The plea agreement provided, in part:

> The defendant knows that he has, and **voluntarily and expressly waives, the right to file** any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. 3742 or 28 U.S.C. § 1291, or **a motion under 28 U.S.C. § 2255** – except that the defendant reserves his right to appeal only if (1) the government appeals from the sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (3) the sentence unreasonably exceeds the

Sentencing Guidelines range determined by the District Court in applying the
United States Sentencing Guidelines.

(D.I. 22 at ¶ 6)(emphasis added).

During the plea colloquy, the court reviewed each paragraph and posed specific questions to movant with respect to each section of the plea agreement. Specifically, with regard to the waiver issue, the court stated,

> In paragraph 6, it indicates that you know that you have, but you voluntarily and expressly waive the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including, but not limited, an appeal under Title 18 of the United States Code, Section 3742, or under Title 28 of the United States Code, Section 1291, or a motion under Title 28 of the United States Code, Section 2255, except that you have reserved your right to appeal if, one, the government appeals from the sentence, which they do periodically from my sentences; two, that your sentence exceeds the statutory maximum for the offense set forth in the United States Code. That will never happen. Or, three, the sentence unreasonably exceeds the sentencing guideline range determined by the court in applying the sentencing guidelines. That probably won't happen.
>
> So, for all intents and purposes, you are waiving your right to appeal your sentence except that the government – unless the government appeals from the sentence.

(D.I. 31 at 6-7) In response to the court's inquiries, movant stated affirmatively that he understood the rights to be waived and that the plea agreement accurately reflected the agreement reached with the government. Movant signed the plea agreement and the court adjudged him guilty. (D.I. 31 at 18-19)

On December 10, 2010, the court sentenced movant to 87 months of imprisonment based on a sentencing guideline range of 77-96 months, with five years as the mandatory sentence on count two. (D.I. 32 at 3, 4, 9)

On December 27, 2010, movant filed a notice of appeal with the Court of Appeals for the Third Circuit. (D.I. 44 at 3) On May 17, 2011, the government filed a motion with

2

the Third Circuit seeking to enforce the appellate waiver and summary affirmance. Movant moved to voluntarily dismiss his appeal on June 3, 2011 pursuant to Federal Rule of Appellate Procedure 42(b). *Id.* The Third Circuit dismissed the case on June 6, 2011. (D.I. 37)

On December 9, 2011, movant filed a pro se motion to vacate, set aside or correct the sentence imposed pursuant to 28 U.S.C. § 2255, alleging that he is entitled to be resentenced under the Fair Sentencing Act of 2010. (D.I. 33) On February 6, 2012, the court issued an order denying movant's motion pursuant to 18 U.S.C. § 3582(c)(2), finding that movant was not eligible for the crack retroactivity reduction. (D.I. 41)

On February 13, 2012, movant filed his AEDPA election form indicating that he wished the court to rule on the § 2255 motion as pending. (D.I. 42) The court ordered the government to respond and address the issue as to whether the waiver in the plea agreement should be enforced. (D.I. 43) The government filed a response, asserting that the waiver should be enforced and that the instant § 2255 motion summarily dismissed. (D.I. 44)

## III. DISCUSSION

As a general rule, courts will enforce a defendant's waiver of his appellate and collateral rights, if it is "entered knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 236-37 (3d Cir. 2008). The court has an affirmative and "an independent obligation to conduct an evaluation of the validity of a collateral waiver." *Id.* at 238. Specifically, the court must consider: (1) whether the waiver was knowing and voluntary; (2) whether there is an

3

exception to the waiver which prevents its enforcement; and (3) whether enforcement of the waiver would cause a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).

When determining if a waiver of the right to collateral review was knowing and voluntary, the reviewing court must determine if "the district court inform[ed] the defendant of, and determine[d] that the defendant under[stood] . . . the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." *Mabry,* 536 F.3d at 239. When determining whether a miscarriage of justice would occur if the waiver were enforced, there is no specific list of circumstances that would constitute a miscarriage of justice. *Id.* at 242. Rather, the court must apply a common sense approach and evaluate "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which acquiesced in the result." *Id.* at 242-43. To that end, granting an exception to a waiver based on a miscarriage of justice must be done "sparingly and without undue generosity." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).

## A. Voluntary and Knowing Nature of Waiver

Having reviewed the transcript of the guilty plea hearing, as well as the parties' submissions, the court concludes that movant's waiver of his appellate and collateral review rights in exchange for certain promises from the government was knowing and voluntary. As mandated by *Mabry*, the transcript of the plea hearing reflects that the court explained the specific terms of the plea agreement and questioned movant to

4

confirm that he understood the meaning of the provisions. The court assured that movant was competent, and that he had a full opportunity to discuss the agreement with counsel and make an informed decision. Notably, the court reviewed the waiver paragraph with movant in detail, and explained the rights movant was relinquishing in exchange for the deal with the government. This exchange clearly demonstrates that movant's waiver was knowing and voluntary.

### B. Scope of the Waiver

The next question is whether movant's sole argument in his § 2255 motion falls into any of the exceptions to the waiver. It does not. The government did not appeal the sentence, and movant does not challenge his sentence on the ground that the sentence exceeds the statutory limits or unreasonably exceeds the sentencing guideline range determined by the court in applying the sentencing guidelines. Thus, movant's instant FSA argument cannot prevent the enforcement of the waiver.

### C. Miscarriage of Justice

Finally, the court must determine if enforcing the waiver will result in a miscarriage of justice. Although the Third Circuit has refrained from identifying a specific list of circumstances to consider before invalidating a waiver for creating a miscarriage of justice, the Third Circuit has recognized that a miscarriage of justice may result by enforcing an appellate/collateral waiver where there has been ineffective assistance of counsel in connection with the negotiation of the waiver. *See United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007). Here, however, movant does not allege any deficient conduct by his attorney in relation to the plea agreement or waiver. Movant's § 2255 motion also does not contend that there were any defects in the waiver

5

agreement or that he did not understand, or involuntarily entered into, the plea agreement. Instead, movant's 2255 motion cryptically asserts "failure to apply Fair Sentencing Act of 2010" as his sole ground for relief. (D.I. 33 at 4) As previously noted, the record clearly reflects that movant entered into the plea agreement knowingly and voluntarily, and the court's sentence was in the middle of the recommended sentencing guideline range. Based on this record, the court concludes that enforcing the waiver will not result in a miscarriage of justice.

Accordingly, the court will deny movant's § 2255 motion.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because of his knowing and voluntary waiver of his rights to appeal and pursue collateral relief. Therefore, the court will deny movant's § 2255 motion without an evidentiary hearing.

## V. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C.

6

§ 2253(c)(2)("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2011). An appropriate order will follow.